WILLIAM BAINBRIDGE JAUDON, Plaintiff, *v.* RICHARD SOMERS HAYES, Defendant.

*Construction of will — a construction vesting estates will be favored — the intent of the testator must govern.*

It is the rule in the construction of wills to favor the vesting of estates, and, where all other things are equal, such a construction will be adopted as will coincide with such rule; but if the intention of the testator requires a different interpretation, such intention must necessarily be followed.

A will contained the following clause:

"*Fifthly.* The Medal voted to me by Congress I bequeath to my beloved wife, Susan Bainbridge, during her natural life; on her demise to be handed down to my oldest surviving daughter, and, on her demise, in succession to my next oldest surviving daughter, and, on the demise of all my daughters, then to be given to my oldest grandson living; if there be no grandson, it is my will that it go in succession to my oldest granddaughter living, in the same

manner as before directed to my daughters. The Urn presented to me by the citizens of Philadelphia, for the capture of the British frigate *Java*, I bequeath in the same manner as I have done the medal voted to me by Congress, and the remaining six pieces of Silver Plate presented to me by the citizens of Philadelphia to be divided between my daughters aforenamed in the manner their mother, Susan Bainbridge, may select, or, in case of her demise, by lot."

*Held*, that the testator meant by the words, "my oldest grandson living," not the oldest grandson living at the time of his death, but his oldest grandson who might be living at the time of the death of his last surviving daughter ;

That it was the intention of the testator to confer upon the oldest male representative of his family, after the death of his daughters, the possession of the relics in question, and that, after the death of his daughters, when the succession reached his grandchildren, so long as any male representative was left, such male representative was to take; and it was only in default of male representatives subsequent to the death of his daughters that female representatives should be admitted.

SUBMISSION of a controversy upon an agreed statement of facts under section 1279 of the Code of Civil Procedure. ·

*Matthew Daly*, for the plaintiff.

*Julian T. Davies*, for the defendant.

VAN BRUNT, P. J.:

This submission is made for the purpose of construing a clause in the will of Commodore Bainbridge, who died in the year 1833, a resident of the State of Pennsylvania, in which State the will was admitted to probate. Both plaintiff and defendant being residents of the State of New York, this question is submitted to this jurisdiction.

The clause of the will in question reads as follows :

"*Fifthly*. The Medal voted to me by Congress I bequeath to my beloved wife, Susan Bainbridge, during her natural life ; on her demise to be handed down to my oldest surviving daughter, and, on her demise, in succession to my next oldest surviving daughter, and, on the demise of all my daughters, then to be given to my oldest grandson living ; if there be no grandson, it is my will that it go in succession to my oldest granddaughter living, in the same manner as before directed to my daughters. The Urn presented to me by the citizens of Philadelphia, for the capture of the British frigate *Java*, I bequeath in the same manner as I have done the medal voted to me by Congress, and the remaining six pieces of Silver Plate presented to me by the citizens of Philadelphia to be divided

between my daughters aforenamed in the manner their mother, Susan Bainbridge, may select, or, in case of her demise, by lot."

The medal and urn mentioned in the said will, on Mrs. Bainbridge's death, passed to Mrs. Susan B. Hayes, who was the oldest of the daughters and their last survivor. At the time of the death of Commodore Bainbridge, William Bainbridge Hayes was his only grandson. He died in 1849, intestate and unmarried, leaving Susan B. Hayes, his mother, surviving him. At the time of the death of the commodore's last surviving daughter, the plaintiff, William Bainbridge Jaudon, was the oldest grandson living of Commodore Bainbridge; and the question presented is whether the testator meant by the words his oldest grandson living, the oldest grandson living at the time of his death, or the oldest grandson who might be living at the time of the death of his last surviving daughter.

It is undoubtedly the rule in the construction of wills to favor the vesting of estates; and that where all other things are equal such a construction will be adopted as will coincide with this rule. But if the intention of the testator seems to require a different interpretation such intention must necessarily be followed. In the case at bar it seems to us that it was the plain intention of the testator to confer upon the oldest male representative of the family after the death of his daughters the possession of the relics in question; and that after the death of his daughters, when the succession reached his grandchildren, so long as any male representative was left, such male representative was to take; and it was only in default of male representatives subsequent to the death of his daughters that female representatives should be admitted.

Applying this rule it is apparent that the gift was intended to take effect at the time of the death of the last survivor of his daughters; and that it was not intended that any right should pass at the death of the testator except such contingent right as would arise from the fact of a person then fulfilling the conditions of the will; such interest to be defeated, however, if such conditions did not exist at the death of the last survivor of his daughters.

This seeming to us to be the plain intention of the testator, the plaintiff is entitled to judgment, with costs.

FOLLETT and BARRETT, JJ., concurred.

Judgment ordered for plaintiff, with costs.