DAVID THOMSON, as Trustee of the Estate of BENJAMIN LORD,
Deceased, Plaintiff, Impleaded with MARY HANSON, Appellant, *v.*
EMMA C. HILL and Others, Appellants, Impleaded with Others;
GILBERT M. HUSTED, Respondent, Impleaded with Others.

| | |
|---|---|
| 87 | 111 |
| 154a | 761 |
| 87 | 111 |
| 155a | 677 |
| 87h | 111 |
| 78 AD | 614 |

*Will — vesting of estates favored — an estate granted, not cut down by subsequent pro-*
*visions — the whole will to be considered.*

The rule in the construction of wills is to favor the vesting of estates, and where
all other things are equal such a construction will be adopted as will coincide
with this rule.
In order to determine the intent of a testator the will must be considered as a
whole, and not simply isolated portions or sentences thereof.
Courts refuse to cut down an estate, already granted absolutely or in fee, when
the supposed terms of limitation are found in some subsequent portion of the
will and are not in themselves clear, unmistakable and certain.

The will of Benjamin Lord, who died in 1851, fixed the time for the distribution of his residuary estate as of the death of Sarah Louisa Reed, which occurred in 1886. The *corpus* of the estate was not vested in Lord's executors, who were only given a power of sale of the real estate for the purposes of distribution and division. The residuary estate was directed by the testator to "be equally divided among my brothers and sisters and Lavinia Knapp, wife of the said Caleb Knapp, in the same manner as if the said Lavinia were my own sister and I had died intestate; and in case either of my brothers or sisters or the said Lavinia Knapp shall then be dead, leaving surviving any descendant or descendants, that then and in such case such descendant or descendants shall take the share or portion which would otherwise have belonged to such parent, the share of said Lavinia Knapp being subject to the life interest of the said Caleb Knapp therein." Then followed this provision: "The income alone of the said share of Lavinia Knapp shall be paid to her said husband during his natural life, and after his death to the said Lavinia Knapp, and after her death her share to be divided among her heirs." It appeared that Lavinia Knapp died in 1863, without heirs, and that her husband died in 1851. In an action brought to construe the will it was

*Held*, that the share of Lavinia Knapp vested at the death of the testator;

That her share was an absolute one, and in view of the direction in the will, that Lavinia Knapp should share in the testator's estate as if she were his own sister and he had died intestate, it was not cut down to a life estate by the subsequent clause providing that the income alone should be paid to her husband, and after his death to her, and providing that thereafter the share should be divided among her heirs;

That her share was devisable in the same manner as if it had been an estate in possession, and that, therefore, her devisee took a good title to it under her will.

APPEAL by the plaintiff Mary Hanson and the defendants Hattie E. Beardslee, Emma C. Hill and others, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 11th day of September, 1894, upon the decision of the court, rendered after a trial at the New York Special Term construing the will of Benjamin Lord, as adjudged that by it the testator created a trust empowering the trustees to sell and convey the *corpus* of his real estate and personal property into money and divide and distribute the proceeds among his brothers and sisters and Lavinia Knapp and the descendants, heirs, legatees and devisees of those of the beneficiaries who died subsequently to the death of the testator, and from so much of said judgment as adjudged that the defendant Gilbert M. Husted was entitled to the part or portion of said estate devised to the said Lavinia Knapp, to wit, one-eleventh part or share of said estate,

and also from that portion of said judgment which adjudged that. the defendant Gilbert M. Husted recover his costs in the action out of the testator's estate.

*Noah Tebbetts,* for appellants Emma C. Hill and others.

*Louis A. Noble,* for appellant Mary Hanson.

*Henry A. Prince,* for appellants Hattie E. Beardslee and others.

*Jacob F. Miller* and *A. E. Wooodruff* for respondent Gilbert M. Husted.

O'BRIEN, J.:

This action was brought to obtain a construction of the will of Benjamin Lord, who died in 1851. Of those mentioned in the will who survived him, Caleb Knapp died in 1851, Lavinia Knapp died in 1863, Mary Van Veghten died in 1875 and Sarah Louisa Reed died in 1886. The testator having alienated the property mentioned in the third clause of the will, and the trust mentioned in the second clause having determined, there is left for construction the fourth clause, which reads as follows :

"*Fourth.* Upon the death of the said Sarah Louisa Reed it is my will that the whole of the rest, residue and remainder of my estate, both real and personal, be equally divided among the same persons and in the same manner as directed in the next preceding article of this my will."

That article is as follows :

"*Third.* Upon the death of Mary Van Veghten aforesaid it is my will that my store, number one hundred and forty-seven (147) Cedar street, be sold, and the proceeds thereof and arising therefrom be equally divided among my brothers and sisters, and Lavinia Knapp, wife of the said Caleb Knapp, in the same manner as if the said Lavinia were my own sister, and I had died intestate, and in case either of my brothers or sisters, or the said Lavinia Knapp, shall then be dead, leaving surviving any descendant or descendants, that then and in such case such descendant or descendants shall take the share or portion which would otherwise have belonged to such parent, the share of said Lavinia Knapp being subject to the

life interest of the said Caleb Knapp therein. The income alone of the said share of Lavinia Knapp shall be paid to her said husband during his natural life, and after his death to the said Lavinia Knapp, and after her death her share to be divided among her heirs."

The testator having parted with the Cedar street property during his lifetime, and the other clauses of the will having relation only to income, it is conceded that the distribution of the entire *corpus* of the estate, and the interest which Lavinia Knapp took therein, which is the sole question presented for our determination on this appeal, are controlled by the construction to be given to the clauses or articles quoted.

At the outset it is important to determine when the vesting occurred. On the one hand it is insisted that it was on the death of the testator, and on the other as strenuously urged that it was postponed until the death of Sarah Louisa Reed, which was the time fixed for distribution. Reading the other clauses of the will, and keeping in view that the *corpus* was not in terms given to the executors — who were only given the power to sell any portion of the real estate " in order to distribute and divide the same," thus rebutting the inference that the *corpus* was vested in the executors — we think that the vesting occurred upon the death of the testator, and that the interests of the various persons are to be determined as of that date. As said by the presiding justice of this court in the case of *Jaudon* v. *Hayes* (79 Hun, 453, 455): " It is undoubtedly the rule in the construction of wills to favor the vesting of estates, and that where all other things are equal, such a construction will be adopted as will coincide with this rule." Although the distribution was postponed until the death of Sarah Louisa Reed, and thus the right to possession and enjoyment was likewise postponed until that time, this in no way militates against the force of the rule which in all cases will incline the court, other things being equal, to adopt a construction favoring a vesting rather than a suspension of a gift or devise.

Assuming that the vesting took place at the death of the testator, the question remains as to what interest, if any, Lavinia Knapp then took in the *corpus* of the estate. Did the testator intend that she should have only a life interest, or a share absolutely ? If the

former, then the provision would be void, because he had already created one life estate therein for Sarah Louisa Reed, and a second for Caleb Knapp; and if the view urged by the appellants is sound, that there was a third life estate for Lavinia Knapp, with remainder thereon to her heirs, it would be void because in contravention of the statute. Were this view adopted, she, for the reason stated, took no interest in the *corpus* of the estate, even though the vesting took place at the death of the testator.

The contention that Lavinia Knapp took only a life estate is based upon the last sentence of the third clause of the will, which reads: "The income alone of the said share of Lavinia Knapp shall be paid to her said husband during his natural life, and after his death to the said Lavinia Knapp, and after her death her share to be divided among her heirs." If this language stood alone and was expressly applicable to the *corpus*, there would be much force in the argument. In the construction of a will, however, it is not proper to take isolated portions or sentences, but the will as a whole must be read with a view to determine the intent of the testator. As thus read, in terms as expressive as language can make it, he placed Lavinia Knapp in an equally favorable position with his brothers and sisters, and were it not for the sentence last quoted, the other portions of the third clause of the will, which should be read as though incorporated in the fourth clause, would seem to provide that upon the death of Sarah Louisa Reed the property should be "equally divided among my brothers and sisters, and Lavinia Knapp, wife of the said Caleb Knapp, in the same manner as if the said Lavinia were my own sister, and I had died intestate, and in case either of my brothers or sisters, or the said Lavinia Knapp, shall then be dead, leaving surviving any descendant or descendants, that then and in such case such descendant or descendants shall take the share or portion which would otherwise have belonged to such parent, the share of said Lavinia Knapp being subject to the life interest of the said Caleb Knapp therein."

With language so expressive, we think it would be doing violence to the declared wishes of the testator to hold that the absolute interest which was thus given to Lavinia Knapp, subject to the life interest of her husband, Caleb Knapp, and subject likewise to be divested had she left descendants, which it is conceded she did not,

FIRST DEPARTMENT, MAY TERM, 1895. [Vol. 87.

is by the last sentence of the third clause above quoted to be cut down to a life interest, and thus prevent her from obtaining an equal interest in his estate with his brothers and sisters in the same manner as if she were "his own sister and he had died intestate." The rule to be applied where a fixed interest has been given, and subsequent language in the will is resorted to for the purpose of cutting such interest down, has been well expressed by Judge PECK-HAM in the late case of *Washbon* v. *Cope* (144 N. Y. 287, 297), as follows: "We are confronted in the first place by the well-settled rule that courts refuse to cut down an estate already granted in fee or absolutely when the supposed terms of limitation are to be found in some subsequent portion of the will, and are not in themselves clear, unmistakable and certain so that there can be no doubt of the meaning and intention of the testator." Applying this rule, we think that the provision in the will that Mrs. Knapp should share in the estate of the testator the same as though "she were his own sister and he had died intestate," is not to be destroyed by language subsequently used which it is not shown was intended by the testator to qualify or destroy the absolute terms in which the share or interest was given. As said in Jarman on Wills (Randolph & Talcott's ed., vol. 2, p. 470): "It seems that where the testator first gives the residue in terms which would, beyond all question, confer a vested interest, the addition of equivocal expressions of a contrary tendency will not suspend the vesting." So it may be said, with respect to the character of the interest which one takes, as to whether it is a life or absolute interest, where the language is clear and expressive of an intention to confer such absolute interest in terms which, beyond question, would so confer it, the estate thus created is not to be cut down or destroyed by the addition of equivocal expressions in another portion of the will having a contrary tendency. Caleb Knapp having died, therefore, before the time fixed for distribution, Lavinia Knapp took an absolute vested interest in Benjamin Lord's estate, which was "descendible, devisable and alienable in the same manner as if it had been an estate in possession," and she having left no descendants, and it being conceded that she transferred the same by will to Gilbert M. Husted, the judgment in awarding the one-eleventh to him was right.

Some exception has been taken to the finding of fact that "the

descendants, heirs and successors of the various parties in interest are as stated in allegation sixth of the complaint," upon the ground that the same is erroneous and improper. ·And a similar criticism is indulged in that the provision in the decision and judgment, that interest vested in " the descendants, heirs, legatees and devisees of those of the beneficiaries who died subsequently to the death of the testator," is also erroneous because the claims of the classes mentioned are exclusive and conflicting. While these criticisms may be justified, no injury has thereby been done appellants. They are immaterial and do not destroy the force and effect of the conclusion reached by the judge at Special Term upon the main question presented for his consideration, and again raised upon this appeal, as to what share, if any, Lavinia Knapp took in the estate of Benjamin Lord, deceased, and which, under her will, was transferred to Gilbert M. Husted. Equally without force is the error claimed in the awarding of costs to the latter; we think it was entirely within the discretion of the court below, with the exercise of which, upon the facts shown, we should not interfere.

Judgment accordingly affirmed, with costs.

VAN BRUNT, P. J.. and FOLLETT, J., concurred.

Judgment affirmed, with costs.