FOWLER et al. v. COATES et al.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. DEEDS (§ 163*)—CONDITIONS—EXCUSES FOR NONPERFORMANCE.

A factory owner, who agreed to locate his plant in a village and operate the same for 10 years in consideration of a conveyance of a site and the payment of a bonus, is not absolved from operating the plant for that time because of its destruction by fire, and on failure to do so title reverts to grantors.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 520; Dec. Dig. § 163.*]

2. VENDOR AND PURCHASER (§ 297*)—BREACH OF CONDITIONS BY VENDEE—RE-ENTRY—PERSONS ENTITLED TO RE-ENTER.

Notwithstanding the right of re-entry on breach of condition is, as a general rule, in the grantors, yet where a grantor held as trustee, and was not the owner individually, and subsequently conveyed to other members of a committee of which he was a member, for whom he was trustee and whose interests he represented as such, the right of re-entry passed to them.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 833; Dec. Dig. § 297.*]

3. VENDOR AND PURCHASER (§ 297*)—CONDITIONS—BREACH—RE-ENTRY.

The right of re-entry after breach of condition in a deed was not destroyed by the acceptance of a deed from the referee in bankruptcy proceedings against the person to whom the premises had been conveyed on such condition.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 297.*]

4. MORTGAGES (§ 153*)—MORTGAGEE AS BONA FIDE PURCHASER.

Where trustees and executors loaned a large sum of trust funds, either recklessly without any knowledge of mortgagor's title, which wholly depended upon a deed to him on condition that he operate a factory on the premises for 10 years, or else improvidently relying upon mortgagor's ability to carry out the condition, and without any insurance upon the property to indemnify them in the event of loss by fire, the equities were not with such trustees and executors, as mortgagees, as against the subscribers to the fund to purchase and donate the site, in a suit on their behalf to declare a forfeiture for nonperformance of the condition and to remove the mortgage as a cloud upon their title.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 153.*]

Kruse and Robson, JJ., dissenting.

Appeal from Special Term, Lewis County.

Action by Philip S. Fowler and others, as trustees, against William H. Coates and another, as trustees, impleaded with others. Judgment for plaintiffs, and certain defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Edward J. Boshart, for appellants.
Charles C. Mereness, for respondents.

SPRING, J. The plaintiffs in this action, with others, were subscribers to a fund raised in the village of Lowville, Lewis county, for the purpose of inducing one William G. Conover to move his canning

factory, then located in the state of Delaware, to said village and there operate the same. The amount raised exceeded $4,000. On April 23, 1901, Conover and a committee of the subscribers, comprising the plaintiffs and one West, entered into an agreement whereby the said Conover agreed to move his said factory to Lowville and operate the same, on a site to be furnished by said committee, for the period of 10 years from August 1, 1901, and the committee agreed to pay to said Conover $3,285, besides providing the site for the location of the plant, and these covenants were fulfilled by the committee. By the terms of the contract Conover agreed to remove his canning plant and manufactory to Lowville, install the same on the site selected, and "in good faith to run and operate the same as a canning and preserving factory, or some other manufacturing enterprise upon said site that will utilize said buildings erected thereon." In consideration of the fulfillment of the covenants undertaken by Conover (designated the contractor) the committee representing the subscribers covenanted to cause to be delivered to him a deed of conveyance of said site, and the contract contained the following:

"Said deed to be executed by said owner and delivered to said contractor upon the arrival of said buildings, machines, machinery, tools, implements, apparatus, and appliances at Lowville aforesaid, and said deed of conveyance conditioned upon the faithful conduct and operation of such manufacturing enterprise on said site for the period of 10 years from said 1st day of August, 1901, as aforesaid, and said contractor's title to said real estate to be and become absolute only at the expiration of said period of 10 years, and upon the faithful operation of said plant during said period."

On the 23d of May, 1901, and before said plant had been installed at Lowville, the owner of the site conveyed the same to De Witt C. West, one of said committee, on behalf of the subscribers, and who was styled in the conveyance "as trustee for the subscribers to the fund to establish a canning factory at Lowville, N. Y." On the same day said West, with the same description as to his agency of trusteeship, conveyed the said premises to said Conover upon condition that said plant and manufactory be "completed and ready for operation by August 1, 1901," and upon the further condition:

"That said Conover, or his heirs or assigns, shall in good faith run and operate the same as a canning and preserving factory, or some other manufacturing enterprise upon said premises that will utilize said buildings erected thereon for and during the period of ten (10) years from said 1st day of August, 1901, as aforesaid, and the title of said William G. Conover to said real estate and rights hereby conveyed hereunder to be and become absolute only at the expiration of said period of ten years, and upon the full compliance by said Conover, or his heirs or assigns, of the above-mentioned conditions and of the faithful operation of said plant during said period; and this conveyance is made and accepted upon the aforesaid express conditions, and in case said Conover, or his heirs or assigns, shall make default or fail to perform any of the aforesaid conditions, and shall fail or neglect in good faith to operate said manufactory at any time within said period of ten years, then and in the event of such failure all interest of said Conover in the above-described premises and rights shall at once terminate and cease, and said premises and rights shall at once revert to said party of the first part, who may at once re-enter and take possession of said premises and rights, and without notice evict all persons therefrom in possession thereof, and use, occupy, and enjoy said premises as fully as though this conveyance were not made."

The deed to West, as trustee, was recorded in May, 1901, and the one from him to Conover was not recorded until March 22, 1906. Conover located his plant and operated it as a canning factory until November 18, 1904, when the principal buildings were destroyed by fire. Conover did not rebuild the plant, and in March following was adjudged a bankrupt, and his creditors realized no more than 1 per centum of their liabilities. Conover abandoned the enterprise and at the time of the trial resided in the state of Pennsylvania. West moved from Lowville, and in June, 1906, "individually and as trustee for the subscribers to the fund to establish a canning factory at Lowville," conveyed to the plaintiffs by quitclaim deed the premises in controversy. In June, 1904, Conover executed to the defendant mortgagees a mortgage on the premises to secure the payment of $25,000, no part of which has been paid. The action is brought by the plaintiffs, on behalf of the subscribers, to secure a judgment declaring the termination and forfeiture of the Conover title, and that the mortgage mentioned is invalid, and for the removal of the same as a cloud upon the title; and the judgment conforms to the relief sought.

It is the claim of the appellants that the title vested absolutely in Conover upon the conveyance by West, subject to be defeated upon his failure to perform the conditions assumed by him, and that his covenant was to operate the existing plant for 10 years, and, as performance was rendered impossible because the plant was destroyed by fire, he was relieved of its fulfillment. I doubt whether the title absolutely vested in Conover. It was the intention of the parties to withhold the vesting of ownership until he had operated the plant for 10 years. The covenants in the deed explicitly so state, and in the event of failure to operate the same "all interest * * * and rights," not the fee title of Conover in the premises, "shall at once terminate and cease." The parties, therefore, understood that there was to be no transfer of the fee title to him until performance and for the full stipulated period.

In determining whether a condition is subsequent or otherwise, the intention of the parties as gathered from the instrument is controlling. Nicoll v. N. Y. & Erie Ry. Co., 12 N. Y. 121–130. Booth v. Baptist Church et al., 126 N. Y. 215, 242, 28 N. E. 238. In the cases cited on the appellants' brief possession and the vesting of the title were both indispensable to carry out the purpose for which the purchase was made. To illustrate: In the Nicoll Case, supra, the land was conveyed to the railroad corporation upon condition that it construct its road within a certain time, so that it may well have been held that the parties expected the title to pass.

We will, however, assume that the title was vested in Conover absolutely, subject to be defeated upon failure to perform; in other words, that the limiting clause is to be construed as a condition subsequent. The subscribers raised the money to purchase a site, and donated to Conover over $3,000 upon his agreement to operate the plant for 10 years. We may limit it to the existing plant. But Conover at least agreed to carry on a manufacturing business in that plant for 10 years. At the time the agreement was made the performance of this undertaking was possible. He might have protected

himself against such a loss as occurred by providing for the contingency in the conveyance. He might have insured his property and limited his rebuilding to the insurance money received. He assumed without restriction a reasonable undertaking. The destruction of the plant rendered it impossible for him to perform. He had but little insurance, and was left penniless. The subscribers, who had raised the money and purchased the site for a specific purpose, were not responsible for the loss. Through no fault on their part there was a failure to carry on the plant, and when that happened Conover's rights terminated and ceased, and the premises reverted ipso facto to the grantor, West, as trustee, who was the one of the committee representing the subscribers in the conveyance to Conover. We appreciate that a forfeiture of a condition subsequent is regarded with disfavor. Conover, however, abandoned his project. He is not vindicating his title, or asserting that he has complied with the covenants which he undertook when he accepted the deed. No one contends that the plant was operated for the 10 years, or that Conover continued the venture after the fire. If we are right in the proposition that Conover was not absolved from his undertaking to carry on the plant for 10 years because of its destruction by fire, then there is no injustice in declaring a forfeiture of the condition. The enforcement of the agreement of the parties compels the decree of forfeiture. "A court of equity cannot control the lawful contracts of parties." 4 Kent's Commentaries (6th Ed.) p. 130.

It is held that in case of a condition subsequent which is impossible of performance at its inception, or is subsequently rendered so by act of God or of the grantor, the estate becomes unconditionally vested in the grantee. 2 Washburn on Real Property (3d Ed.) p. 7; 4 Kent's Commentaries (6th Ed.) p. 130. I have been unable, however, to find any authority for the proposition that the estate vests indefeasibly where the condition was capable of performance at its creation, but performance was subsequently made impossible through no fault or intervention of the grantor, and not by act of God. The interests of the subscribers are to be considered, not wholly those of Conover. They have lost in the project. The dilapidated buildings now left are not worth more than $500. So at best they cannot be compensated for their contributions. The enterprise which they attempted to foster cannot be fulfilled.

It is claimed that the right of re-entry on forfeiture for breach of condition is lodged in the grantor; and that is the general rule. West, however, was one of the committee. He held as trustee for the benefit of the subscribers, and evidently to obviate the annoyance of obtaining a deed from all the members of the committee. He was not the owner individually. Had he died, the right of re-entry would not have passed to his heirs at law. When it was inconvenient for him to act further, he conveyed to the other members of the committee. He was simply as a matter of convenience eliminated from representing the subscribers.

The referee in bankruptcy conveyed Conover's interest in the premises to the plaintiffs as trustees, subject to the mortgage of defendants; and it is urged that the grantees, by accepting the conveyance,

succeeded to Conover's rights and were bound to perform the conditions imposed upon him in the deed from West. The transfer, without the explicit declaration, would be subject to the mortgage, if Conover held any interest. The grantees did not assume to pay the mortgage. Nor do I think the acceptance of a referee's deed destroyed the right of re-entry upon the forfeiture of the condition subsequent in the West conveyance. As a matter of precaution, it was prudent for these trustees to obtain the interest of Conover, even though but nominal. If they had been able to obtain a release from the mortgagees, the title would have been effective in the plaintiffs without the expense of an action to obtain a judgment decreeing forfeiture.

The equities of the parties to the suit are not with the mortgagees. They, as trustees and executors, loaned a large sum of trust funds to Conover before the West deed was recorded. They either recklessly did this, without any knowledge of Conover's title, for it wholly depended upon the West deed, or else improvidently turned over these trust funds to Conover, relying upon his ability to carry out the conditions assumed by him, and without any insurance upon the property to indemnify them in the event of loss by fire. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except KRUSE, J., who dissents in memorandum, in which ROBSON, J., concurs.

KRUSE, J. (dissenting). The covenant or condition in the deed to Conover required him to remove his canning plant and manufactory, and all buildings, machines, machinery, tools, implements, appliances, apparatus, and fixtures used or kept for use in connection therewith, and erect the same on the lands in controversy; also in good faith to run and operate the same as a canning and preserving factory, or some other manufacturing enterprise upon said premises that will utilize said buildings erected thereon for and during the period of 10 years from August 1, 1901. Conover removed the buildings, erected the same upon the lands, and operated the same until they were substantially destroyed by fire, which occurred before the expiration of the 10-year period. It is not claimed that such destruction was through the fault of Conover, or that there was any insurance on them to make the loss good. I think, under the circumstances, there was no breach, and therefore no forfeiture. I think he was not required to rebuild. Conditions subsequent are not favored, and are strictly construed. Beyond that, I am inclined to the opinion that there are other difficulties in the way of the plaintiffs' right to maintain the action.

I therefore vote for reversal.