DAN BULLARD, Plaintiff, *v.* VILLAGE OF ALBION, Defendant.

Supreme Court, Orleans County, October 4, 1926.

Wills — construction — devise of land to village upon condition village trustees would accept gift within six months after probate of will and agree by resolution to forever maintain land as free public park — devise was to become void if village trustees failed to accept — said trustees adopted resolution accepting devise on conditions recited in will — devise not invalid as unlawfully suspending power of alienation since title vested in village immediately, subject to contingency of rejection thereof — villages — trustees authorized to accept devise to village by virtue of Village Law, § 169, General Municipal Law, § 73, and Real Property Law, § 114, subd. 2 — said statutes take devises, made on condition, out of operation of law against suspension of power of alienation — decedent did not intend village to exceed statutory limit in maintenance of devise for park purposes — ejectment — action in ejectment to recover said land — complaint, alleging acts of trustees in accepting devise unauthorized and that devise is illegal, dismissed.

A provision in a will by which plaintiff's testator gave twenty-four acres of land to the defendant village for park purposes upon condition that the village trustees would accept the gift within six months of the probate of decedent's will and agree, by resolution, to forever maintain said land as a free public park, but in the event said trustees failed to accept said devise within the six months' period the gift was to become void, is valid and does not attempt to suspend the absolute power of alienation beyond two lives in being, where the trustees of said village accepted the gift upon the conditions recited in said will, since the title to the land vested in the village immediately subject to the contingency

of being defeated by rejection of the devise or the failure to accept it within the six months. Such a condition must be regarded as a condition subsequent which in no way violates the statute against the suspension of the power of alienation.

Such a construction of the will is in harmony with the apparent intention of the testator, since it appears that he desired the village to have the land for park purposes and placed but one condition between the village and its acquisition of the title to the land, namely, that the village should accept by resolution to be passed within six months from the probate of the will and agree to maintain and improve the land forever as a free public park.

Moreover, section 169 of the Village Law, section 73 of the General Municipal Law, and subdivision 2 of section 114 of the Real Property Law, all of which authorize real estate to be granted and devised to any city or village of the State and held, among other things, in trust for park purposes, upon such conditions as may be prescribed by the grantor and agreed to by the municipal corporation, are broad enough in their provisions to take such cases as this out of the operation of the law against the suspension of the power of alienation and permit villages and cities to accept anticipated gifts and devises where official action by the municipal authorities is required to accept or reject the terms and conditions imposed by grantors or donors; because the very nature of such a situation requires time and consideration by the proper municipal authorities, the statute anticipates that time shall be permitted to either accept or reject the gift.

The devise is not invalid by reason of the fact that the acceptance of it involved the expenditure of a large sum of money to perform the express conditions of the gift and pay a large amount for its maintenance in the future and because the defendant's board of trustees had no power to bind said village to such expenditures without the consent of the taxpayers at a meeting called for that purpose, for the testator did not make it a condition that the village should expend any stated sum of money to develop the property or maintain it for park purposes; the resolution by which the village trustees accepted the gift and agreed to maintain it as a free public park complied with the terms of the will.

The complaint of the plaintiff, testator's residuary legatee, who, if the devise is declared to be unlawful will be entitled to possession of the land, which alleges that the action of the board of trustees was unauthorized and did not comply with the conditions imposed in the will, that the attempted devise is illegal in that it tends to suspend the absolute power of alienation, thus making the devise void, and that, therefore, plaintiff is entitled to judgment ejecting the village from said lands, must be dismissed.

ACTION of ejectment to recover possession of some twenty-four acres of land devised to the defendant by and under the last will and testament of George Bullard, deceased.

*Signor & Signor,* for the plaintiff.

*Warner Thompson* [*A. C. Burrows* of counsel], for the defendant.

WHEELER, Referee. George Bullard died December 27, 1912. His will was probated April 25, 1913. By the 5th clause of the will the testator provided as follows:

" *Fifth.* I give and devise my east lot of 24 acres which I bought of H. J. Sickels lying in the village of Albion between Cemetery avenue and the N. Y. Central Railroad to said village of Albion

for a public park for the use of the residents of the village. This devise is made upon the express condition that the trustees of the village shall accept the same within six months after proof of this will and shall expressly agree by resolution to maintain and improve the same forever as a free public park to be known as Bullard Park, the same to be under the care and control of the trustees, who shall make such rules and regulations concerning the use thereof by the public as shall best promote the pleasure and enjoyment of all who go there, of every creed and color. The same to be set out to shade and ornamental trees and otherwise improved and beautified as a public park and pleasure resort. A crossing to be made across the N. Y. C. Railroad at the northwest corner of the lot, so as to give the public free access from State street and the trolley railroad. If this devise is accepted by the trustees, they are hereby authorized and empowered, if they think best, to sell and convey a strip of four acres from the east side of said premises and to use the proceeds for the benefit and improvement of the other twenty acres. The neglect of the trustees to accept this bequest shall make the bequest void with the same effect as though expressly rejected."

Within the six months prescribed in the will the village trustees of the defendant adopted a resolution accepting the devise in and on the terms and conditions named.

The plaintiff contends: *First,* this action by the board of village trustees was unauthorized, null and void, and did not comply with the conditions imposed; *second,* that the attempted devise is illegal, as it attempted to suspend the absolute power of alienation beyond two lives in being, and the devise is, therefore, void; and that, therefore, the plaintiff in this action, as the residuary legatee of the testator, became and is the lawful and legal owner of the property in question, and entitled to the possession thereof.

To sustain the first proposition advanced, it is argued that the acceptance of the devise involved the expenditure of a large amount of money to perform the express conditions of the gift, and of a large amount for its maintenance in the future, and that the board of trustees had no power to bind the village to such expenditures without the consent of the taxpayers at a meeting called for that purpose; that no such action on the part of the taxpayers has ever been had, and, therefore, there was never any valid or legal agreement on the part of the village to do the things to be done under the terms and conditions prescribed in the will. If we examine the clause of the will containing the devise in question, it will be seen that the testator does not make it a condition that the village shall expend any stated sum of money to develop the property or main-

tain it for park purposes. It simply says, " the trustees * * * shall accept the same within six months after proof of this will and shall expressly agree by resolution to maintain and improve the same forever as a free public park," etc.

Nor does it state when or how the required money, if any, shall be expended. The record on the trial before the referee does not disclose what sums or sum may be required at any time, or in any year, to maintain or improve the property for park purposes. For all that appears in this case, $100 per year might meet all practical requirements. Section 169 of the Village Law (as amd. by Laws of 1909, chap. 469, and by Laws of 1916, chap. 42) provides: " The board of trustees may, on behalf of the village, accept by grant or devise a gift of land for a public park, square, athletic field or playground," and " upon the acquisition of land for the purposes of this section, either by gift, purchase or lease, the board may establish and maintain the same for its intended purposes and shall have the power to perform all the duties of a separate board of park commissioners as provided for in this chapter."

Section 297 of the Village Law (added by Laws of 1909, chap. 469) authorizes village park commissioners to control and maintain village parks, and authorizes the expenditure of $2,000 annually in villages of the first class (Albion is of that class) for such purposes. If, however, the estimated expense exceeds the sum of $2,000, such sum can only be expended by vote of the taxpayers. Section 73 of the General Municipal Law authorizes grants to villages for park purposes " upon such conditions as may be prescribed by the grantor or donor, and agreed to by the corporation." Subdivision 2 of section 114 of the Real Property Law authorizes real estate to be " granted, devised, and conveyed to the corporation of any city or village of this state, to be held in trust for any purpose of education, or the diffusion of knowledge, or for the relief of distress, or for parks, gardens, or other ornamental grounds, * * * upon such conditions as may be prescribed by the grantor or donor, and agreed to by such corporation."

In view of the provisions of these statutes, we think there can be no question but that the board of trustees of the village of Albion had ample authority and complete right to accept the devise made by the testator, and to agree to the terms and conditions imposed, and that the agreement evidenced by the resolution of acceptance became a binding agreement on the part of the village to develop and maintain the property devised for park purposes. The only restriction imposed by the statute is that the board shall not expend for such purposes in excess of $2,000 each year, without the consent of the taxpayers.

I think it quite manifest that, when the testator drew and executed his will, he did so with the provisions of the statutes in mind. That at least is the presumption. He did not expect the board to expend more by way of development and maintenance than the statute permitted. The will should be so construed. Certainly there is nothing in the clause of devise requiring the board of trustees of the village to do anything but what the statute permitted. We, therefore, reach the conclusion the board of trustees of the village, by its official action fully complied with the terms and conditions of the will, and that its action cannot be deemed ineffective and void.

The referee, perhaps, might go even further, and hold that, even assuming that the board of trustees of the village could make no valid agreement binding the village to expend any money to develop or maintain the park, nevertheless they, by their official action accepting the devise, did all that was required by the terms of the will to make the devise effective. All the will required for that purpose is that " The trustees of the village shall accept the same within six months after proof of this will and shall expressly agree by resolution to maintain and improve the same as a free public park to be known as Bullard Park."

Just that thing the trustees did. The will did not provide that the taxpayers of the village should consent or accept, but that the trustees should accept and agree to the terms imposed. It would be going far to hold that the village was called on to do more than the will itself required to be done. We think the village fully complied when it did just what the will required.

As to the second proposition advanced, that the devise is unlawful and void because it suspended the power of alienation for more than two lives in being, in violation of the statute, we are of the opinion the contention cannot be sustained. The statutes we have quoted seem to cover the situation presented, and anticipated gifts and devises to villages, where official action by village authorities is required to accept or reject the terms and conditions imposed by grantors or donors. This by the very nature of the case requires time and consideration by the proper village authorities. The statute anticipates that time should be permitted to either accept or reject. Especially is this true of devises given in wills; the statutes declare that such gifts or devises are legal and valid.

If the plaintiff's contention were to prevail, then probably every gift or devise made on terms and conditions would be open to attack for the reasons urged. We do not think the statute against the suspension of the power of alienation can legitimately be urged in such cases, and that the statutes referred to are broad enough

in their provisions to take such cases out of the operation of the law against the suspension of the power of alienation and perpetuities. In other words, the statutes quoted carried an exception to the operation of the statute against the suspension of the power of alienation in cases like that in hand. However, it is very questionable whether, if the statutes we have referred to have no such effect, the statute against the suspension of the power of alienation is offended by the case in hand.

The plaintiff contends that the acceptance of the devise of the land in question constituted a condition precedent to the vesting of title, and, inasmuch as the time of acceptance is not measured by two lives in being, the title in the meantime was suspended for more than two lives in being, in violation of the statute, and, therefore, the devise is void. The defendant, on the other hand, contends that the title vested at once, subject to the contingency of being defeated by a rejection of the devise, or a failure to accept within the six months given the village trustees to act, and, therefore, the conditions imposed must be treated as a condition subsequent, and in no way violating the statute against the suspension of the power of alienation. Unquestionably strong arguments may be advanced in support of each contention.

However, in construing wills there are certain general rules which may be invoked to aid the court in reaching the solution of the questions raised. One is that the law favors a construction in favor of vesting an estate, rather than the contrary. (2 Schouler Wills [6th ed.], § 1328, p. 1469; 3 Thomp. Real Prop. § 1958, p. 47.)

Another well-recognized rule is that the intention of the testator, gathered from the will, is to prevail, whether a devise or bequest on condition is to be considered as a condition precedent or subsequent (*Nicoll* v. *New York & Erie R. R. Co.*, 12 N. Y. 121; *Booth* v. *Baptist Church of Christ*, 126 id. 215); that in construing a will conditions subsequent are preferred to conditions precedent. (*Matter of Scott*, 204 N. Y. Supp. 478, 491; 2 Schouler Wills [6th ed.], §§ 1328–1330.)

No technical words indicate the difference between conditions precedent and subsequent, and the question is always one of intention, to be gathered from the whole instrument. (*Nicoll* v. *New York & Erie R. R. Co.*, 12 N. Y. 121, 130; *Booth* v. *Baptist Church of Christ*, 126 id. 215; *Fowler* v. *Coates*, 128 App. Div. 381, 384.)

The test is whether the language of a particular clause shows the act to be performed, on which the estate depends, must be performed before the estate can vest, or, on the contrary, the act does not necessarily precede the vesting of the estate, but may accompany or follow it. (*Matter of Scott, supra*, 491.)

Supreme Court, October, 1926.    [Vol. 128

Applying these general rules to the will of George Bullard, what is the result?  The clause under which the village claims reads:  " I give and devise my east lot of 24 acres  *  *  *  to said village of Albion for a public park for the use of the residents of the village."

This is a complete sentence, ending with a period, and, standing alone, would vest the village with a complete and absolute title to the property.  However, the sentence is followed by the condition that the village shall accept " by resolution to maintain and improve the same forever as a free public park to be known as Bullard Park," such resolution to be passed within six months from the probate of the will, and by the provision that " the neglect of the trustees to accept this bequest shall make the bequest void with the same effect as though expressly rejected."  If would seem, therefore, that rendering the devise void depended on the subsequent action or failure of the trustees to act.  If the trustees rejected the gift, or refused to act, it operated to divest the village of the rights given and vested in the village by the will, and the estate given then reverted to the residuary legatee.

Certainly such a construction is not only capable of being given, but it is in harmony with the apparent intention of the testator. He desired that the village should have the land for park purposes, and it goes without saying he had no intention such a construction should be placed on the will as to defeat its plain and declared purposes.  There is nothing in the clause in question forbidding the construction claimed for by the village; nothing " necessarily " forbidding such a construction.  As was said in the case of *Empson* v. *Empson* (123 Misc. 1): " In the construction of wills, more than any other instrument, the intention of the testator should be a guide. Our courts have uniformly adopted this principle, and, therefore, in giving an interpretation of such, endeavor to carry out the intention of the testator, so far as it can be done, without violating the established rules of law.  This intention (says Chancellor KENT) is the first great object of inquiry, and to this object, even technical rules are sometimes, to a certain extent, made subservient.  The ascertainment of this intention is subject to well-settled rules of construction.  One of these rules is that it is to be presumed that the testator intended to make a legal disposition of his estate, and such construction should be given to the language in a will as will make the will, or the limitations in it, legal and valid if it can be done in harmony with the well-settled rules, with the manifest intent, as settled by adjudicated cases, rather than such construction as will render it nugatory and illegal, even though the latter may be according to the literal and grammatical reading. *McKinstry* v. *Sanders*, 2 T. & C. 181, 190."

The rule is well settled that where an instrument is capable of two constructions, the court will adopt that which will render the gift legal, rather than one which will render it void. (*Equitable Trust Co. of New York* v. *Miller,* 197 App. Div. 391; *Arthur* v. *Arthur,* 3 id. 375.) The law favors the vesting of estates.

In view of these considerations, the referee is forced to the conclusion that the land devised by the testator to the village of Albion became at once vested in the village, subject to a condition that its title might be divested for a failure to accept the gift, and, therefore, the conditions imposed must be deemed conditions subsequent. The strongest case cited by plaintiff's counsel to support his contention is that of *Booth* v. *Baptist Church of Christ* (126 N. Y. 215). In that case, however, the legacy was not to be paid until an additional sum was raised by the legatee, or where, as in other authorities, some definite specific act entirely foreign to the gift is required to be performed before title passes.

We, therefore, reach the conclusion that the plaintiff's complaint should be dismissed. So ordered.